IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRTUAL DIAMOND BOUTIQUE, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> VDB SYSTEMS, INC., <br><br> *Defendant*. | Civil Action No.: <br><br> **Jury Trial Demanded** |

# COMPLAINT

Plaintiff Virtual Diamond Boutique, Inc. ("Plaintiff" or "Virtual Diamond Boutique"), by and through its undersigned counsel, as and for its Complaint against Defendant VDB Systems, Inc. ("Defendant"), alleges as follows:

## NATURE OF THE CASE

1. This is a civil action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

2. In sum, Virtual Diamond Boutique is the owner of the federally registered mark – V.DB – that is used in connection with software for use in showcasing diamonds and jewelry. The V.DB mark has been in continuous actual use in commerce throughout the United States (and abroad) since at least as early as July 2014. Defendant is using the nearly identical mark and trade name VDB in connection with substantially similar goods. On information and belief, Defendant did not begin using its nearly identical mark until late March 2015.

1

## THE PARTIES

3. Plaintiff Virtual Diamond Boutique is a New York corporation with its principal place of business at 580 Fifth Avenue, Suite 629, New York, New York 10036. Virtual Diamond Boutique is registered with the New York Secretary of State.

4. On information and belief, Defendant VDB Systems, Inc. is an Indian company with a principal place of business at 302, Atmaj, 94 C, August Kranti Road, Gowalia Tank, Mumbai 400036.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121 as this action arises under the United States Trademark Act of July 5, 1946, as amended, 15 U.S.C. § 1051 *et seq*.

6. This Court has personal jurisdiction over Defendant because it has committed tortious acts alleged herein causing harm within this state and judicial district sufficient to permit the exercise of personal jurisdiction over Defendant. Additionally, this Court has personal jurisdiction over Defendant pursuant to at least New York C.P.L.R. 302 because, on information and belief, Defendant has advertised, offered and/or supplied goods to persons located within this state and elsewhere, including through interactive online platforms such as the Apple iTunes App Store. Defendant's app, which uses the infringing mark, is accessible across the Internet, including to residents in this state and judicial district. On information and belief, Defendant offers its goods for sale to customers in this state and judicial district. On information and belief, Defendant intentionally directs its app into the State of New York and targets customers in the State of New York in an effort to unfairly compete with Virtual Diamond Boutique and abscond with its customers in this state and judicial district.

7. In the alternative, this Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) it will be served with the summons in this case, (ii) the claims herein arise under the Federal laws, (iii) Defendant is not subject to jurisdiction in any state's court of general jurisdiction, and (iv) exercising jurisdiction is consistent with the United States Constitution and the Federal law.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTUAL BACKGROUND

I. **Virtual Diamond Boutique's Business and V.DB Trademark**

9. Virtual Diamond Boutique is a leading B2B trading platform for visually sourcing diamonds and colored gemstones.

10. Utilizing its mobile application technology (the "VDB App"), Virtual Diamond Boutique allows its users to search available diamonds and gemstones by any combination of a wide variety of parameters (cut, carat, cost, color, clarity, depth, polish, symmetry, etc.) and view availability, images, videos, the ability to match stones, as well as certificates of the stones in the search results.

11. The VDB App connects thousands of buyers and sellers around the world to facilitate the trading of diamonds and gems.

12. The VDB App is available across Apple, Google and Android.

13. Virtual Diamond Boutique exploits the VDB App under the trademark V.DB (the "V.DB Mark"). Virtual Diamond Boutique first began using the V.DB Mark as early as July 2014, and has used the V.DB Mark continually ever since.

14. The VDB App has enjoyed significant success in the U.S. and throughout the world. The VDB App has been downloaded more than 15,000 times since its initial release to

NYC:417288.6

the public and has been featured in numerous publications. Virtual Diamond Boutique has received high amounts of praise for the VDB App, and has been referred to as the future of the jewelry business. For example, according to a May 24, 2018 InStore article, "From diamonds, to colored gemstones, to jewelry, VDB has created the technology that jewelers must have to compete in today's highly competitive retail environment." Accordingly, the public associates the V.DB Mark exclusively with Virtual Diamond Boutique.

15. Virtual Diamond Boutique is the owner of United States Trademark Registration No. 5030287 for the V.DB Mark as used in connection with "[c]omputer application software for handheld computers, namely, software for use in showcasing inventory, namely, diamonds and jewelry" in International Class 9. *See* Exhibit A.

16. The V.DB Mark has at all times been a central part of Virtual Diamond Boutique's development of a brand identity.

17. Virtual Diamond Boutique has invested substantially in marketing the goods it offers and sells under the V.DB Mark.

18. Through extensive and continuous use and promotion of the V.DB Mark, Virtual Diamond Boutique has developed substantial goodwill in it, and the V.DB Mark has acquired secondary meaning in that it has become associated with Virtual Diamond Boutique and with the high quality and successful VDB App.

19. As the owner of the V.DB Mark, and its associated goodwill and reputation nationwide and throughout the world, Virtual Diamond Boutique has the exclusive right to use the V.DB Mark in connection with computer application software for use in showcasing diamonds and jewelry, and to prevent use by others that is likely to lead to consumer confusion with the VDB App.

II.     **Defendant's Infringement**

20.     On information and belief, on or about March 22, 2015, Defendant began offering to the public its own mobile application (the "Infringing App") under the trademark VDB (the "Infringing Mark").

21.     Like the VDB App, the Infringing App connects prospective sellers and buyers of diamonds through a virtual trading platform.

22.     The Infringing Mark is likely to cause confusion in the minds of consumers as to the source of the Infringing App.

23.     The parties' respective goods are marketed and delivered through the same channels of marketing and trade and to the same consumers.

24.     Defendant's activities are conducted in interstate commerce.

25.     Defendant's use of the Infringing Mark is likely to cause ordinarily prudent consumers and the trade to be mistaken, confused or deceived into thinking that Defendant's Infringing App is or may be endorsed by, affiliated with, or sponsored or otherwise authorized by Virtual Diamond Boutique.

26.     On information and belief, Defendant's infringing activity has caused actual confusion in the marketplace, with at least one user actually downloading the Infringing App when they believed that they were downloading the VDB App.  Others have experienced at least initial interest confusion while, when attempting to search for and download the VDB App, the Infringing App appeared first in a search result list.  Defendant's infringing activity constitutes trademark infringement and unfair competition under the Lanham Act.

27.     Defendant's trade name, *i.e.*, VDB Systems, Inc., itself also constitutes trademark infringement and unfair competition under the Lanham Act.

28. Defendant has no association or affiliation whatsoever with Virtual Diamond Boutique, nor does Defendant have Virtual Diamond Boutique's consent to use or advertise the V.DB Mark in Defendant's business.

29. Defendant's goods are not Virtual Diamond Boutique's goods, and Defendant does not have the authorization, sponsorship, consent, approval, or certification of Virtual Diamond Boutique to act as if they are.

30. Defendant's unfair competition and infringement demonstrates intentional, willful, and bad faith attempts to deceive or to create mistake or confusion in the minds of Virtual Diamond Boutique's customers and potential customers and of the public, to trade on Virtual Diamond Boutique's goodwill, and to create the false impression of a connection, affiliation, association between Virtual Diamond Boutique and Defendant, or of Virtual Diamond Boutique's sponsorship or approval, all causing irreparable injury to Virtual Diamond Boutique.

31. Virtual Diamond Boutique has no adequate remedy at law.

## COUNT I

*(Federal Trademark Infringement Under 15 U.S.C. § 1114)*

32. Virtual Diamond Boutique repeats and realleges the allegations set forth above in Paragraphs 1 through 31.

33. Defendant's use of the Infringing Mark in connection with the Infringing App is likely to cause confusion with Virtual Diamond Boutique's federally registered V.DB Mark.

34. Upon information and belief, Defendant intentionally and willfully adopted the Infringing Mark with knowledge of Virtual Diamond Boutique's V.DB Mark. Defendant's unauthorized use of its Infringing Mark is intended to cause confusion, mistake and deception between the products of Virtual Diamond Boutique and the products of Defendant.

NYC:417288.6

35. Defendant continues to use the Infringing Mark with knowledge of Virtual Diamond Boutique's V.DB Mark. Defendant's continued unauthorized use of its Infringing Mark is intentional and willful, and is intended to cause confusion, mistake and deception between the products of Virtual Diamond Boutique and the products of Defendant.

36. Defendant's acts constitute willful and deliberate infringement and are in willful and wanton disregard of Virtual Diamond Boutique's established and superior rights, in violation of 15 U.S.C. § 1114.

37. As a result of these wrongful acts, Virtual Diamond Boutique is entitled to recover all damages and other sums provided by law, including but not limited to actual and treble damages, a disgorgement and accounting of Defendant's profits, reasonable attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

38. In addition, Defendant's acts are causing and continue to cause Virtual Diamond Boutique irreparable harm in the nature of lost sales and revenue, marketplace confusion, loss of control over its reputation and loss of substantial consumer and trade goodwill. This irreparable harm to Virtual Diamond Boutique will continue, without any adequate remedy at law, unless and until Defendant's unlawful conduct is enjoined by this Court.

## COUNT II

*(Federal Unfair Competition Under 15 U.S.C. § 1125(a))*

39. Virtual Diamond Boutique repeats and realleges the allegations set forth above in Paragraphs 1 through 38.

40. Defendant's use in commerce of the Infringing Mark in connection with providing a mobile application constitutes a use in interstate commerce that is likely to cause confusion and mistake, and to deceive consumers and the trade as to the source or origin of Defendant's goods

such that consumers and the trade will mistakenly believe that the Infringing App is sponsored by, endorsed by, approved by, licensed by, authorized by, or affiliated or connected with Virtual Diamond Boutique.

41. Defendant's activity constitutes a violation of 15 U.S.C. § 1125(a).

42. On information and belief, Defendant has intentionally, knowingly and willfully adopted and used a name, mark, and false designation of origin which is likely to cause confusion in the marketplace as to the source, origin or sponsorship of the goods being offered by Defendant.

43. As a result of these wrongful acts, Virtual Diamond Boutique is entitled to recover all damages and other sums provided by law, including but not limited to actual and treble damages, a disgorgement and accounting of Defendant's profits, reasonable attorneys' fees, and costs of this litigation pursuant to 15 U.S.C. § 1117.

44. In addition, Defendant's acts are causing and continue to cause Virtual Diamond Boutique irreparable harm in the nature of lost sales and revenue, marketplace confusion, loss of control over its reputation and loss of substantial consumer and trade goodwill.  This irreparable harm to Virtual Diamond Boutique will continue, without any adequate remedy at law, unless and until Defendant's unlawful conduct is enjoined by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, based on the foregoing, Virtual Diamond Boutique requests the Court to award the following relief:

A. A preliminary and permanent injunction enjoining and restraining Defendant, its associates, agents, servants, employees, officers, directors, representatives, successors, assigns, and attorneys, and all persons in active concert or participation with it who learn of the

injunction through personal service or otherwise, from (1) using the Infringing Mark or any marks or names confusingly similar to the V.DB Mark; (2) using the mark "V.DB" or any other terms confusingly similar to the V.DB Mark in connection with the provision, distribution, or marketing of the Infringing App; (3) representing by words or conduct that Defendant or its products are authorized, sponsored, endorsed, or otherwise connected with Virtual Diamond Boutique; and (4) engaging in any other conduct which causes, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the source of Defendant's products, or as to any affiliation, connection or association of Defendant or its products and Virtual Diamond Boutique;

   B. Monetary relief, including but not limited to all of Defendant's profits, gains, and advantages derived from its infringement of Virtual Diamond Boutique's trademark rights; all damages sustained by Virtual Diamond Boutique as a result of Defendant's wrongful acts, and that such damages be trebled;

   C. The imposition of a constructive trust freezing all of Defendant's ill-gotten gains derived from its illegal use of Virtual Diamond Boutique's trademark;

   D. An accounting of all profits derived from or in connection with Defendant's illegal use of Virtual Diamond Boutique's trademark;

   E. Pursuant to 15 U.S.C. § 1118, the destruction and removal of all business cards, invoices, forms, advertisements, packaging, webpages, websites, promotional materials or any other materials bearing the Infringing Mark and any other mark or name which is confusingly similar to the V.DB Mark, and the modification of all websites and online and mobile platforms to remove and disable access to the Infringing Mark or any other mark or name which is confusingly similar to the V.DB Mark;

NYC:417288.6

F.     Prejudgment interest;

G.     Attorneys' fees and all other litigation-related expenses (including expert expenses) to the extent that they are recoverable under law;

H.     Costs; and

I.     All other relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rules 38(b) and 38(c) of the Federal Rules of Civil Procedure, Virtual Diamond Boutique requests a trial by jury for all issues so triable.

Dated: October 3, 2018
       New York, New York

Respectfully submitted,

HUNTON ANDREWS KURTH LLP

/s/*Gary Abelev*
Gary Abelev
Paul D. Ackerman
Jonathan D. Reichman
200 Park Avenue
New York, New York 10166
Tel.: (212) 850.2858
Fax: (212) 309.1100
Email: garyabelev@HuntonAK.com
       paulackerman@HuntonAK.com
       jonathanreichman@HuntonAK.com

*Attorneys for Plaintiff*
*Virtual Diamond Boutique, Inc.*